IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN 4 SHIPPING INC., | ) |
| | ) C.A. No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBIN 5 SHIPPING INC., | ) |
| | ) |
| Defendant. | ) |

**VERIFIED COMPLAINT WITH
REQUEST FOR ISSUE OF PROCESS OF MARITIME ATTACHMENT**

Robin 4 Shipping Inc. ("Robin 4") brings this action against Robin 5 Shipping Inc. ("Robin 5"), *quasi in rem*, pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment, and states as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because Robin 5's property soon will be present in this District, namely the M/V CHIQUITA DREAM (IMO No. 9299777).

3. Robin 5 cannot be found in this District within the meaning of Supplemental Rule B.

**The Parties**

4. Robin 4 and Robin 5 are both Marshall Island corporations.

**Facts**

5. Robin 4 is the registered owner of the container ship M/V ROBIN 4. By a charterparty dated 6 August 2020, Robin 4 chartered ROBIN 4 to Hapag-Lloyd AG ("Robin 4 / Hapag-Lloyd Charter").

6. Robin 5 is the registered owner of the vessel M/V CHIQUITA DREAM. By a charterparty dated 16 December 2020, Robin 5 chartered the M/V CHIQUITA DREAM

to Great White Fleet Corp ("Robin 5 / GWF Charter"). The exact terms of the Robin 5 /GWF Charter are not known to Robin 4.

7. To the best of Robin 4's knowledge, on or around 29 March 2021 while en-route from Puerto Barrios to Wilmington, Delaware, the CHIQUITA DREAM experienced a fire in the vessel's auxiliary generator room while the vessel was passing off the coast of Florida ("the Fire").

8. CHIQUITA DREAM arrived at Wilmington on 4 April 2021 and discharged her cargo. CHIQUITA DREAM then shifted to the Wilmington shipyard where she underwent fire damage repairs. The repairs were completed on or around 12 June 2021, and CHIQUITA DREAM resumed service under the Robin 5 / GWF Charter.

9. On 23 July 2021, GWF commenced arbitration in London against Robin 5 under the arbitration clause contained in the Robin 5 / GWF Charter.

10. On 7 December 2021, GWF served claim submissions in that arbitration claiming the sum of USD 8,025,829.86 for indemnity and/or as damages for breach of the seaworthiness obligations in the Robin 5 / GWF Charter.

11. On or around 22 January 2022, GWF arrested ROBIN 4 in the First Civil Court of First Instance of Antofagasta as security for their claim against Robin 5. The security ordered to be provided was a local bank guarantee or payment into court in the amount of USD 7,524,098.35.

12. The legal basis for the arrest is said to be that ROBIN 4 and CHIQUITA DREAM are under the same technical and commercial management.

13. Robin 4 does not have the means to put up security in the amount demanded by GWF, and accordingly ROBIN 4 remains under arrest at Antofagasta.

14. As a result of the arrest of ROBIN 4, Robin 4 has suffered (and continues to suffer) losses as a result of Robin 4 being unable to perform its obligations under the Robin 4 / Hapag-

Lloyd Charter. Such losses include daily running costs of the ROBIN 4 during detention in the amount of approximately USD 6,500.00 per day. The ROBIN 4's charterer, Hapag-Lloyd has advised Robin 4 that it suffers losses of at least USD 4,600,000.00 and increasing.

### Count 1 – Indemnity for Unjust Enrichment

15. Robin 4 repeats the foregoing allegations and incorporates them herein.

16. The ROBIN 4 has been arrested and remains under arrest as security for a claim in arbitration by Great White Fleet against Robin 5, a matter in which Robin 4 and the ROBIN 4 are uninvolved.

17. Great White Fleet's claim against Robin 5 in the arbitration, is properly secured by property of Robin 5, including the CHIQUITA DREAM, not by the property of Robin 4.

18. Robin 4 seeks security for release of the ROBIN 4 from arrest in Chile and for the unjust enrichment of Robin 5 by its indemnity claim against Robin 5 and attachment of the CHIQUITA DREAM, Robin 5's property in the District, as demanded below.

### Count 2 – Maritime Attachment (Fed. R. Civ. P. Supplemental Rule B)

19. Robin 4 repeats the foregoing allegations and incorporates them herein.

20. Robin 4 seeks issue of process of maritime attachment to obtain security for its indemnity claim against Robin 5 and for its claim for direct losses and liabilities it has incurred and which are ongoing as a result of the arrest of the ROBIN 4, including its attorney fees and costs.

21. No security for Robin 4's claim has been posted by Robin 5 or anyone acting on its behalf.

22. Robin 5 cannot be found within this district within the meaning of Rule B.

23. Robin 4 anticipates that property and/or assets of the Robin 5 owed to Robin 4 will be present in this district during the pendency of this action.

15648863-1

**Prayer for Relief**

WHEREFORE, Robin 4 prays:

A. That, in response to Count I, process of maritime attachment be issued to attach property of Robin 5, including but not limited to the M/V CHIQUITA DREAM, to secure Robin 4's claim in the amount of twice the amount of security for which the ROBIN 4 is detained, USD 7,524,098.35, plus the ROBIN 4's direct damages resulting from the arrest, as described above;

B. That, in response to Count II, because Robin 5 cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment pursuant to Rule B, attaching all of Robin 5's tangible or intangible property in this district, up to the amount of at least the amount demanded herein to secure Robin 4's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C. That, as provided in Supplemental Rule B, such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D. That this Court award Plaintiffs such other and further relief that this Court deems just and proper.

**RAWLE & HENDERSON LLP**

*/s/ Joelle Florax*

By: _____
Joelle Florax, Esquire (I.D. 3555)
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 778-1200
*Attorney for Defendant*

15648863-1

Dated:  January 28, 2022

15648863-1

## VERIFICATION

I am Chief Executive Officer of Interunity Management Corporation S.A.

The facts alleged in the foregoing Complaint are true and correct to the best of my knowledge and information.

I am authorized to make this verification on behalf of Robin 4 Shipping Inc.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records for the Defendant in this District and found no record of any agent authorized to accept service of process for Defendant in this District.

Pursuant to 28 U.S.C. 1746(1), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 28, 2022.

Christos Mangos
CEO
Interunity Management Corporation S.A.
2 Eptanisou, Chalandri 15231
Athens, Greece

15648863-1